FILED

UNITED STATES DISTRICT COURT  JAN 27 P 1: 13
FOR THE DISTRICT OF CONNECTICUT

US DISTRICT
BRIDGE

| | |
|---|---|
| MAUREEN ALLEN, ET AL., *Plaintiffs*, | CIVIL NO. 3:02CV1370 (AHN) |
| vs. | |
| JOHN J. ARMSTRONG, ET AL. *Defendants*. | JANUARY 26, 2004 |

### OBJECTION TO MOTION TO COMPEL

The substance of counsel's Motion to Compel and accompanying Local Civil Rule 37(a)(2) Affidavit is both unfair and inaccurate. In response the defendants offer the following:

1. Plaintiffs sent their First Set of Interrogatories and Request for Production of Documents in October of 2003. (See plaintiffs' Motion to Compel, Exhibit A).

2. The defendants sent their responses to plaintiffs on November 21, 2003. (See plaintiffs' Motion to Compel, Exhibit B). Nearly all requests were complied with: on an informal basis thousands of pages of documents were made available for copying and on a formal basis, thousands of pages of documents in defendant's possession were designated as "already provided" or "will be provided".

3. On November 26, 2003, without having reviewed the available documents, Attorney Ponvert sent his letter indicating that there were "major problems with the defendants' answers and objections." (See plaintiffs' Motion to Compel, Exhibit C).

*Please note: the November 26, 2003 Local Rule 9(d)(2) letter was sent only to Jane Emons and Terrence O'Neill. Margaret Chapple, an attorney of record, was not copied.*

4. Between October 31, 2003 and December 8, 2003, Antonio Ponvert and the undersigned had one discussion by phone and numerous communications by e-mail, all in a good faith attempt to resolve potential disputes. (Copies of e-mails attached). Exhibit 1.

5.      On December 16, 2003, Antonio Ponvert e-mailed all counsel of record requesting a response to his November 26, 2003 letter. (Copy attached). Exhibit 2.

6.      On the same date, the undersigned responded to an older e-mail and indicated with reference to the December 16, 2003 request "As far as the new e-mail is concerned, we've got to look into your request and get back to you. We will hopefully be back in touch soon." (Copy attached). Exhibit 3.

7.      All subsequent e-mails from Attorneys Ponvert and Rosen were sent to Margaret Chapple who was unaware of the November 26, 2003 letter. To the extent that Attorneys Emons and O'Neill were not copied on the e-mails, they were unaware of requests from plaintiffs' counsel for further responses.

The defendants would ask that the Court review plaintiff's requests, and assess the breadth of defendants compliance or proferred compliance. It is submitted that the defendants have fully complied with plaintiff's requests in that they have either produced or made all discoverable documents available for copying and inspection. In that regard, it is important to note that neither counsel has made himself available nor requested to see documents that were not otherwise provided. As a result, this Motion to Compel is, at best, premature. It appears that plaintiffs' counsel is dissatisfied with the form of the disclosure. Attorney Ponvert sought disclosure according to his preconceived categories as requested in his First Set of Interrogatories and First Request for Production. His intent is to require the Defendants (who store and retain their documents in a different fashion) to search through and catalogue tens of thousand of pages and literally identify each document according to his request. Our objections to his requests as overly broad and burdensome are on record.

2

It is the intent of all of the defendants to make all discoverable documents available in as organized a fashion as possible. We are, as well, prepared to discuss these issues with the Court on February 5, 2004 at a meeting designed to address remaining discovery issues.

DEFENDANTS,

JOHN J. ARMSTRONG, ET AL.

BY: *(signature)*
Jane B. Emons
Assistant Attorney General
55 Elm Street - P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
Federal Bar No. Ct. 16515
Email: jane.emons@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing Objection to Motion to Compel was mailed this 26th day of January 2004, first class postage prepaid, to:

Antonio Ponvert III
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604

David M. Rosen, Esq.
Rosen & Dolan, P.C.
400 Orange Street
New Haven, CT 06511

Linsley Barbato, Assistant Attorney General
Terrence O'Neill, Assistant Attorney General
Margaret Chapple, Assistant Attorney General
Office of the Attorney General
55 Elm Street, P. O. Box
Hartford, CT 06141-0120

_____
Jane B. Emons
Assistant Attorney General

4

# Emons, Jane B.

**From:** Antonio Ponvert [aponvert@koskoff.com]
**Sent:** Friday, October 31, 2003 10:31 AM
**To:** Jane Emons (E-mail)
**Cc:** David Rosen (E-mail); Linsley Barbato (E-mail)
**Subject:** Allen discovery

Jane,

Re: your discovery requests, I am wondering a couple of things:

a. In the past, in this case and others, I have been asked by the DOC to pay for the costs of copying documents, and I am willing to do that in the future. Kindly confirm that you will pay for the costs of copying documents responsive to your requests;

b. As you may recall, I have asked that the defendants Bates stamp all of the documents responsive to my requests for production. Do you want the plaintiffs' responsive documents to be Bates stamped also, and will you agree to pay for this to be done?; and

c. Would you consult with Linsley and let me know how many sets of documents the plaintiffs will need to produce?

Thanks,

Antonio

1/12/2004

Emons, Jane B.

**From:** Antonio Ponvert [aponvert@koskoff.com]
**Sent:** Friday, October 31, 2003 11:59 AM
**To:** Jane Emons (E-mail)
**Cc:** David Rosen (E-mail); Linsley Barbato (E-mail)
**Subject:** Allen discovery

Jane

The defendants' interrogatories violate Federal Rule 33(a) ("without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts...."). As you know, the defendants' interrogatories nos. 13, 16, 17, 18, 19, 20, 21, and 22 have such "discrete subparts," and several other of the interrogatories, although the subparts are not set out in separate sub-paragraphs, are objectionably compound. Of course, no leave of court has been granted and there is no written stipulation between the parties. Indeed, I recall from the Rule 26(f) Report that the defendants stated that they would object to the plaintiffs filing more than 25 interrogatories per party.

By my quick count, the defendant's 25th allowable interrogatory falls somewhere around interrogatory no. 14 or 15.

The purpose of this email is to ask how you would like to proceed. Do you want the plaintiffs to stop answering at what they perceive to be the 25th allowable interrogatory, and then fight about whether the interrogatories are, in fact, impermissibly compound, or would you like to enter into a written stipulation, within the terms of Federal Rule 33(a), permitting the parties to file, say, 50 interrogatories per party?

Antonio

**Emons, Jane B.**

| | |
|---|---|
| **From:** | Antonio Ponvert [aponvert@koskoff.com] |
| **Sent:** | Friday, November 07, 2003 11:55 AM |
| **To:** | Jane Emons (E-mail) |
| **Cc:** | David Rosen (E-mail) |
| **Subject:** | Allen-- discovery issues |

Jane

This email confirms the substance of our agreement, reached on the telephone a few minutes ago, concerning various outstanding discovery issues. Of course, if any of this acount is not quite right, please let me know right away.

1. The defendants agree to pay for the copying of documents to be produced by the plaintiffs in response to the Request for Production. The rate shall be the same as that charged previously by the defendants when producing documents in this case (25 cents per page plus $12 per ream of paper, per Monica Rinaldi's June 13, 2003 letter to me);

2. The defendants (including Vickie Arpin) require only one copy of the documents;

3. The parties agree, as permitted by Federal Rule 33(a), that they may file 50 interrogatories per party (although none of the parties has any intention to file that many at the present time);

4. The plaintiffs will Bates stamp the documents to be produced by them, at no cost to the defendants;

5. The defendants will agree to Bates stamp documents to be produced by them, but the parties will discuss the logistics of that process (including payment), at a time when the scope of the production becomes clear; and

6. If the "17 pages of Kruk's notes" referenced in several of my letters and in the Production Requests are protected by a valid attorney-client or work product privilege (and I do not doubt your word on this), then the plaintiffs do not seek their production, but I would appreciate it if you would list the documents on your privilege log. As I told you on the phone, I have no recollection of these particular documents. Both myself and my assistant Sheila reviewed documents at the DOC during the course of the "informal" discovery process in this case, and I have no way of knowing right now who saw that file, what the notes pertain to, or why they initially appeared to be relevant and discoverable. Thank you.

Finally, as I mentioned, I will need to think about, and discuss with David Rosen, the defendants' plan to respond to the plaintiffs' interrogatories and production requests by making the documents available for inspection. As I mentioned, I see a lot of problems with that approach, and this may, in the end, be something that we will need to seek the court's assitance with. I just don't want you to be surprised if we end up making a motion on that issue, so I'm alerting you to the possibility now. (And I, similarly, will not take it personally if you end up moving to compel answers to some of the defendants' discovery requests that I view as unreasonable or ambiguous, etc.).

Sincerely,

Antonio

1/13/2004

**Emons, Jane B.**

| | |
|---|---|
| **From:** | Jane Emons [jane.emons@po.state.ct.us] |
| **Sent:** | Friday, November 07, 2003 12:28 PM |
| **To:** | 'aponvert@koskoff.com' |
| **Cc:** | 'David Rosen (E-mail)' |
| **Subject:** | RE: Allen-- discovery issues |

Antonio - The only thing that differs from my understanding is that I have not agreed to bates stamp all of the defendant's documents until we reach some sort of resolution on the logistics of production of the tens of thousands of pages of documents that will be available to you. I do, however think that bates stamping makes a great deal of sense. When we figure out what you will be getting and how to get you the documents, I thought that we would try to agree to tackle the notion of stamping all of the documents and, perhaps, sharing the costs. Maybe we are saying the same thing... Jane

-----Original Message-----
**From:** Antonio Ponvert [mailto:aponvert@koskoff.com]
**Sent:** Friday, November 07, 2003 11:55 AM
**To:** Jane Emons (E-mail)
**Cc:** David Rosen (E-mail)
**Subject:** Allen-- discovery issues

Jane,

This email confirms the substance of our agreement, reached on the telephone a few minutes ago, concerning various outstanding discovery issues. Of course, if any of this account is not quite right, please let me know right away.

1.   The defendants agree to pay for the copying of documents to be produced by the plaintiffs in response to the Request for Production. The rate shall be the same as that charged previously by the defendants when producing documents in this case (25 cents per page plus $12 per ream of paper, per Monica Rinaldi's June 13, 2002 letter to me);

2.   The defendants (including Vickie Arpin) require only one copy of the documents;

3.   The parties agree, as permitted by Federal Rule 33(a), that they may file 50 interrogatories per party (although none of the parties has any intention to file that many at the present time);

4.   The plaintiffs will Bates stamp the documents to be produced by them, at no cost to the defendants;

5.   The defendants will agree to Bates stamp documents to be produced by them, but the parties will discuss the logistics of that process (including payment), at a time when the scope of the production becomes clear; and

6.   If the "17 pages of Kruk's notes" referenced in several of my letters and in the Production Requests are protected by a valid attorney-client or work product privilege (and I do not doubt your word on this), then the plaintiffs do not seek their production, but I would appreciate it if you would list the documents on your privilege log. As I told you on the phone, I have no recollection of these particular documents. Both myself and my assistant Sheila reviewed documents at the DOC during the course of the "informal" discovery process in this case, and I have no way of knowing right now who saw that file, what the notes pertain to, or why they initially appeared to be relevant and discoverable. Thank you.

Finally, as I mentioned, I will need to think about, and discuss with David Rosen, the defendants' plan to respond to the plaintiffs' interrogatories and production requests by making the documents available for inspection. As I mentioned, I see a lot of problems with that approach, and this may, in the end, be

something that we will need to seek the court's assitance with. I just don't want you to be surprised if we end up making a motion on that issue, so I'm alerting you to the possibility now. (And I, similarly, will not take it personally if you end up moving to compel answers to some of the defendants' discovery requests that I view as unreasonable or ambiguous, etc.).

Sincerely,

Antonio

**Emons, Jane B.**

| | |
|---|---|
| **From:** | Antonio Ponvert [aponvert@koskoff.com] |
| **Sent:** | Monday, November 10, 2003 8:01 AM |
| **To:** | 'Jane Emons' |
| **Subject:** | RE: Allen-- discovery issues |

I think we are saying the same thing.

I agree that it makes a lot of sense to do it.

Antonio

-----Original Message-----
**From:** Jane Emons [mailto:jane.emons@po.state.ct.us]
**Sent:** Friday, November 07, 2003 12:28 PM
**To:** aponvert@koskoff.com
**Cc:** 'David Rosen (E-mail)'
**Subject:** RE: Allen-- discovery issues

Antonio - The only thing that differs from my understanding is that I have not agreed to bates stamp all of the defendant's documents until we reach some sort of resolution on the logistics of production of the tens of thousands of pages of documents that will be available to you. I do, however think that bates stamping makes a great deal of sense. When we figure out what you will be getting and how to get you the documents, I thought that we would try to agree to tackle the notion of stamping all of the documents and, perhaps, sharing the costs. Maybe we are saying the same thing... Jane

-----Original Message-----
**From:** Antonio Ponvert [mailto:aponvert@koskoff.com]
**Sent:** Friday, November 07, 2003 11:55 AM
**To:** Jane Emons (E-mail)
**Cc:** David Rosen (E-mail)
**Subject:** Allen-- discovery issues

Jane,

This email confirms the substance of our agreement, reached on the telephone a few minutes ago, concerning various outstanding discovery issues. Of course, if any of this acount is not quite right, please let me know right away.

1. The defendants agree to pay for the copying of documents to be produced by the plaintiffs in response to the Request for Production. The rate shall be the same as that charged previously by the defendants when producing documents in this case (25 cents per page plus $12 per ream of paper, per Monica Rinaldi's June 13, 2002 letter to me);

2. The defendants (including Vickie Arpin) require only one copy of the documents;

3. The parties agree, as permitted by Federal Rule 33(a), that they may file 50 interrogatories per party (although none of the parties has any intention to file that many at the present time);

4. The plaintiffs will Bates stamp the documents to be produced by them, at no cost to the defendants;

5. The defendants will agree to Bates stamp documents to be produced by them, but the parties

will discuss the logistics of that process (including payment), at a time when the scope of the production becomes clear; and

6.  If the "17 pages of Kruk's notes" referenced in several of my letters and in the Production Requests are protected by a valid attorney-client or work product privilege (and I do not doubt your word on this), then the plaintiffs do not seek their production, but I would appreciate it if you would list the documents on your privilege log. As I told you on the phone, I have no recollection of these particular documents. Both myself and my assistant Sheila reviewed documents at the DOC during the course of the "informal" discovery process in this case, and I have no way of knowing right now who saw that file, what the notes pertain to, or why they initially appeared to be relevant and discoverable. Thank you.

Finally, as I mentioned, I will need to think about, and discuss with David Rosen, the defendants' plan to respond to the plaintiffs' interrogatories and production requests by making the documents available for inspection. As I mentioned, I see a lot of problems with that approach, and this may, in the end, be something that we will need to seek the court's assitance with. I just don't want you to be surprised if we end up making a motion on that issue, so I'm alerting you to the possibility now. (And I, similarly, will not take it personally if you end up moving to compel answers to some of the defendants' discovery requests that I view as unreasonable or ambiguous, etc.).

Sincerely,

Antonio


**Emons, Jane B.**

**From:** Antonio Ponvert [aponvert@koskoff.com]
**Sent:** Monday, November 10, 2003 2:51 PM
**To:** Jane Emons (E-mail)
**Cc:** David Rosen (E-mail)
**Subject:** Allen -- discovery

Jane

We are dilligently trying to comply with the defendants' interrogatories and documents requests; but it is becoming clear that we will not be able to complete this process within the 30-day time frame. May we have an additional 45 days? Thank you.

Antonio

Emons, Jane B.

**From:** Antonio Ponvert [aponvert@koskoff.com]
**Sent:** Monday, November 10, 2003 3:37 PM
**To:** 'Jane Emons'
**Cc:** David Rosen (E-mail)
**Subject:** RE: Allen -- discovery

Thank you.

> -----Original Message-----
> **From:** Jane Emons [mailto:jane.emons@po.state.ct.us]
> **Sent:** Monday, November 10, 2003 4:17 PM
> **To:** aponvert@koskoff.com
> **Subject:** RE: Allen -- discovery
>
> Certainly
>
>> -----Original Message-----
>> **From:** Antonio Ponvert [mailto:aponvert@koskoff.com]
>> **Sent:** Monday, November 10, 2003 2:51 PM
>> **To:** Jane Emons (E-mail)
>> **Cc:** David Rosen (E-mail)
>> **Subject:** Allen -- discovery
>>
>> Jane,
>>
>> We are dilligently trying to comply with the defendants' interrogatories and documents requests; but it is becoming clear that we will not be able to complete this process within the 30-day time frame. May we have an additional 45 days? Thank you.
>>
>> Antonio

**Emons, Jane B.**

| | |
|---|---|
| **From:** | Antonio Ponvert [aponvert@koskoff.com] |
| **Sent:** | Monday, December 08, 2003 10:21 AM |
| **To:** | Jane Emons (E-mail) |
| **Cc:** | David Rosen (E-mail) |
| **Subject:** | Allen Discovery |

Jane

You graciously agreed to give us an extension until January 8 to respond to the defendants' discovery requests. We have been working very dilligently, but given the number of plaintiffs, the number of interrogatories and the volume of documents, it is unlikely that we will be ready by that date (especially given the holidays and the difficulties of working around everyone's schedules).

Planning ahead, I am writing now to request an additional 30 day extension, making our responses due on February 8. This will be our last extension request for this round of discovery. If you could live with this request, I would be most appreciative.

Antonio

1/13/2004

**Emons, Jane B.**

**From:** Antonio Ponvert [aponvert@koskoff.com]
**Sent:** Tuesday, December 16, 2003 2:12 PM
**To:** Emons, Jane B.; Chapple, Margaret Q.; ONeill, Terrence M.; Barbato, Linsley J.
**Cc:** David Rosen (E-mail)
**Subject:** Allen -- discovery

Dear Peggy, Jane, Linsley and Terry,

Kindly let David and me know when we may expect a response to my November 26 Local Rule 9(d) letter.

Antonio

### Emons, Jane B.

**From:** Emons, Jane B.
**Sent:** Tuesday, December 16, 2003 2:18 PM
**To:** 'aponvert@koskoff.com'
**Subject:** RE: Allen Discovery

Antonio - Sorry for the delay in responding to this e-mail. No problem with the extra time. As far as the new e-mail is concerned, we've got to look into your request and get back to you. We will hopefully be back in touch soon. Thanks.

---

**From:** Antonio Ponvert [mailto:aponvert@koskoff.com]
**Sent:** Monday, December 08, 2003 10:21 AM
**To:** Jane Emons (E-mail)
**Cc:** David Rosen (E-mail)
**Subject:** Allen Discovery

Jane

You graciously agreed to give us an extension until January 8 to respond to the defendants' discovery requests. We have been working very dilligently, but given the number of plaintiffs, the number of interrogatories and the volume of documents, it is unlikely that we will be ready by that date (especially given the holidays and the difficulties of working around everyone's schedules).

Planning ahead, I am writing now to request an additional 30 day extension, making our responses due on February 8. This will be our last extension request for this round of discovery. If you could live with this request, I would be most appreciative.

Antonio