UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR -8  P 1:05
U.S. DISTRICT COURT
BRIDGEPORT, CONN

MAUREEN ALLEN, ET AL.       :
                            :
v.                          :    CIV. NO. 3:02CV1370 (AHN)
                            :
JOHN J. ARMSTRONG, ET AL.   :
                            :

### RULING ON PLAINTIFFS' MOTION TO COMPEL

On January 7, 2004, plaintiffs filed a Motion to Compel [Doc. #115] seeking answers to plaintiffs' First Set of Interrogatories and documents in response to plaintiffs' First Request for Production of Documents. Oral argument was held on March 30, 2004. After discussion, the parties reached an agreement on several issues and agreed to leave certain discovery requests pending subject to the production of an estimated 75,000 documents that are in the process of being scanned and coded. This ruling and order memorializes the parties' agreements as well as the Court's ruling on issues the parties agreed to submit for decision at this stage of discovery.

   1. <u>Interrogatory and Production Request No. 13</u>

Regarding "high level defendants, defendants agreed to withdraw their objection in light of plaintiffs' clarification and will provide this discovery.

   2. <u>Interrogatory and Production Request Nos. 5 and 15</u>

Regarding "improper and offensive use and possession of pornography at the Department." Defendants appeared to withdraw

1

their objection that this request is "irrelevant and not likely to lead to admissible evidence at trial" or is "unduly burdensome." Rather, defendants argue that it is premature to permit this discovery until after the motion to dismiss has been decided. Defendants will brief the Court on whether this discovery is permitted under Fed. R. Civ. P. 26(b) if the Title VII claim is dismissed but the equal protection claim(s), supervisory claims and plaintiff Danielle Locas' Title VII claim remain.

3. <u>Shadow Files</u>

Defendants agree to produce any "shadow files" that may exist and represented that this will be part of the large scale production.

4. <u>Interrogatory and Production Request No. 17</u>

Defendants will produce a copy of any videotape(s) of sexual harassment training sessions in August 2002. This production is subject to the parties' Stipulated Protective order. Counsel will endeavor to reach an agreement if defendants seek additional confidentiality limits regarding the videotape(s), and may seek the Court's assistance in the absence of an agreement.

5. <u>Interrogatory and Production Request No. 23, 5 and 15</u>

Defendants appeared to withdraw their objection that this request is "irrelevant and not likely to lead to admissible evidence at trial" or is "unduly burdensome." Rather, defendants argue that it is premature to permit this discovery until after the motion to dismiss has been decided. Defendants will brief

the Court on whether this discovery is permitted under Fed. R. Civ. P. 26(b) if the Title VII claim is dismissed but the equal protection claim(s, supervisory claims and plaintiff Danielle Locas' Title VII claim remain.

6. <u>Interrogatory and Production Request Nos. 8, 9 and 12</u>

Defendants appeared to withdraw their objection that the requests were "unlimited to time." Defendants are not withholding any responsive documents. The parties agreed that the volume of documents poses a challenge to identifying the documents by bates stamp number responsive to plaintiff's discovery requests. This is what defendants anticipate will be "unduly burdensome." The parties agreed to work together on this issue during scanning and coding of documents.

7. <u>Bates Stamping</u>

Defendants agree to Bates stamp their production or to otherwise assign individual identifying numbers to the documents produced.

8. <u>Interrogatory and Production Request Nos. 1-4, and 16</u>

Defendants agreed to produce all e-mails that exist in printed form in their files as well as any complaints or discipline based on the use of e-mail. Defendants stated that a search of the DOC's electronic database to retrieve e-mails would be cost prohibitive offering to provide a copy of the bid by the vendor to conduct the search. Plaintiffs agreed to defendants' offer of limited production without withdrawing its broader request. Defendants understand they will be precluded from

offering evidence at trial that is not properly disclosed in discovery.

9. Privilege Log

Defendants agree to produce a privilege log as part of the large document production.

10. & 11. Identifying Documents Responsive to Plaintiff's Interrogatories and Production Requests

The parties agree that identifying individual documents as responsive to plaintiff's interrogatories and production requests presents a challenge due to the anticipated volume of documents. Defendants described their efforts to retain a vendor to scan and index the documents. Plaintiffs seek a meaningful organization of the documents with a detailed index. The parties agreed to work together after a vendor is selected and agree to share information on selection of a search engine. The parties will contact the Court as issues arise.

12. Interrogatory and Production Request Nos. 1-4, 8-9, 12-14, 16, 19-20

Re: files "already produced." Defendants agree that the large document production will include documents already produced during "informal discovery."

CONCLUSION

Based on the foregoing, plaintiff's Motion to Compel [**Doc. #115**] is **GRANTED** in accordance with this ruling. Compliance with this discovery order shall be made in ten (10) days pursuant to D. Conn. L. Civ. R. 37(a)(5), unless part of the large document

production.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 5 day of April 2004.

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

5