Koskoff Koskoff & Bieder PC

Law Offices

P.O. Box 1661
Bridgeport, CT 06601

350 Fairfield Avenue
Bridgeport, CT 06604

(203) 336-4421
FAX (203) 368-3244

e-mail: kkb@koskoff.com
www.koskoff.com

Theodore I. Koskoff (1913-1989)
Michael P. Koskoff
Richard A. Bieder*
Joel H. Lichtenstein
John D. Jessep
Christopher D. Bernard*
Carey B. Reilly
James D. Horwitz
Vincent M. Musto
Joshua D. Koskoff
Regina M. Murphy
Antonio Ponvert III
Kathleen L. Nastri
Gertrude A. Kiaunis
Rosalind J. Koskoff

*Certified Civil Trial Advocate National Board of Trial Advocacy

Of Counsel
James Wu, LLC

Paralegals
Linda Grossberg
Barbara Barbiero
Beth Vogler
Diana V. Orozco
Patricia M. Harris
Marge Esposito
Wendy Grosso
Deborah A. Dinan
Diane C. Rivera
Diane L. Zalewski
Terri L. Beatty

CHAMBERS
HOLLY B. FITZSIMMONS
U.S. MAGISTRATE JUDGE

2003 SEP 29 P 12:46

RECEIVED

September 26, 2003

Hand Delivered

Magistrate Judge Holly B. Fitzsimmons
United States District Court
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

Re: Allen et al v. Armstrong et al
02 cv 1370 (AHN) (HBF)

Dear Judge Fitzsimmons:

This letter concerns plaintiffs' counsel's right to communicate with the members of the certified class in this case (our clients), and our request that the defendants assist us with such a communication so that the class members' privacy rights may be respected and confidentiality of their addresses may be maintained.

Specifically, plaintiffs' counsel has the need and the right to communicate directly with each member of the certified class in order (a) to advise her of her rights under the Stipulated Agreement, particularly her time-limited right under paragraph 32 of the Agreement to file an Affirmative Action Unit Complaint concerning past harassment and retaliation, (b) to advise her about her potential membership in the proposed class seeking money damages, (c) to learn about her individual facts and circumstances so as best to advise her about her legal rights and remedies, and (d) to communicate concerning other matters that are protected by the attorney-client relationship. Not only is such a communication in the best interests of each class member, but it is an essential component of class counsel's continuing fiduciary obligation to the members of the certified class and to the members of the proposed class. Given the sensitive, important, and privileged nature of this communication, it is essential that it come directly from class counsel; a published notice, the distribution of flyers by Department staff or some other public announcement made by agents of the defendants would compromise the privilege, would diminish the importance and sensitive nature of the communication, and would certainly result in a widespread belief among that class members that the communication has been co-opted by the defendants,



that it is not a meaningful communication, and that any response is neither confidential nor important.

There can be no debate that class counsel has the right, and the professional and ethical obligation, to communicate directly, and in a meaningful, confidential and privileged manner, with our clients concerning any matter that bears on the litigation and the scope of our representation.

> As fiduciaries or quasi fiduciaries for the class, counsel for the representative parties must have the opportunity to assure that proper notices have been timely received and adequately understood, because they may be required to defend claims of inadequate representation or improper settlement. Counsel for the parties opposing the class cannot attack the notice provided to all class members on the ground that this procedure affords an opportunity for the plaintiff's counsel to solicit clients in violation of the Code of Professional Responsibility.
>
> Class counsel has the duty and obligation to clarify the proceedings as much as possible for the class. If the court has established cut-off dates for filing statements of claims by class members who have not excluded themselves, there may exists numerous absent class members in a large class who never received or who misunderstood the earlier notice or who were relying on counsel for the class representative to protect their interests.... In these and similar circumstances, counsel may properly initiate communications with members who have not responded....

Newberg on Class Actions, § 15.16 at 60-61. See also Pigford v. Veneman, 148 F. Supp. 2d 31, 34 (D. D.C. 2001) ("A cursory effort to communicate with a class member when an important decision is being made regarding the class member's claim ... does not constitute full, fair and adequate representation."), rev'd on other grounds, 292 F.3d 918 (D.C. Cir. 2002); Knop v. Johnson, 712 F. Supp. 571, 578 (W.D. MI 1989) (In a prison conditions class action, "[o]bviously, plaintiffs' counsel had an ethical duty to communicate with their clients.").

Similarly, there can be no debate that counsel for a proposed class has a similar right and obligation to communicate with putative members of that class. "Class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed." In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768 (3d Cir.), cert. denied sub nom GMC v. French, 516 U.S. 824 (1995) (citing 2 Newberg & Conte, Class Actions § 11.65, at 11-183). Communications with the class members and the putative class members (who are, after all, the exact same group of female employees) are necessary now, in light of the time-sensitive nature of various



provisions of the Stipulated Agreement and the need to advise the clients, and the putative class members, about their legal rights and remedies. See, e.g., EEOC v. Dial Corp., 156 F. Supp. 2d 926, 938 (N.D. Ill. 2001) (The plaintiffs "sent a letter to approximately 400 current and former female employees who had worked at the Aurora plant at any time since 1988, notifying them of the lawsuit and seeking 'to identify any female employees who were affected by sex harassment and who may be entitled to recover in this lawsuit.'").

The only topic of debate between the parties apparently concerns the degree to which the defendants are willing, or should be compelled, to furnish the names and addresses of the class members, or otherwise assist the plaintiffs in effectuating the communication; and as to this issue, the law is well-established. Indeed, in the employment class action context, it is routine for the defendants to assist with the mechanics of dispensing class notice and other communications. See Newberg on Class Actions, § 24:108 at 428 ("Defendants are frequently required to assist in the dispensing of notice, though the plaintiffs might have to assume the costs."); Barron v. Henry County School System, 242 F. Supp. 2d 1096, 1106 (M.D. Ala. 2003) (Defendant was "directed to furnish plaintiffs immediately ... with the names and addresses of all members of the conditionally certified class."); White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002) (same); Brzychnalski v. Unesco, Inc., 35 F. Supp. 2d 351, 352 (S.D. N.Y. 1999) (In an FLSA case, the court directed defendants to furnish on an expedited basis the names and last known addresses of all individuals employed by defendants as asbestos workers during the relevant time period); Hipp v. Liberty Nat'l Life Ins. Co., 164 F.R.D. 574 (M.D. Fla. 1996) (defendants ordered to "furnish to counsel for Plaintiffs all discovery necessary to identify class members and their home addresses"); Krueger v. New York Telephone Co., 1993 U.S. Dist. LEXIS 9988 *7 (S.D. N.Y. July 21, 1993) ("defendants must provide plaintiffs with the names and last-known residences of those putative plaintiffs who have not yet joined" the litigation); Monroe v. United Airlines, 90 F.R.D. 638, 640 (N.D. Ill. 1981) (the court ordered the defendant to provide the names, addresses, and dates of birth of potential class members to plaintiff so notice of their right to opt into the action could be sent to them); Branham v. General Electric Co., 63 F.R.D. 667 (M.D. Tenn. 1974) (defendant was ordered to furnish plaintiff with the names and addresses of applicants rejected for employment, and plaintiff was to mail individual notice to identifiable class members).

To be clear, class counsel is **not** requesting that the defendants furnish the addresses or other personal identifying information of female Department employees. Class counsel respects the privacy of the class members and the sensitive nature of this information, particularly in the context of a correctional environment. However, class counsel **is** requesting that the defendants assist with the communication, either by directing the appropriate Department

Koskoff
Koskoff
&
Bieder PC

staff to place mailing labels on sealed certified mail envelopes provided by class counsel or by furnishing the class members' names and addresses to a third-party, who will effectuate the certified mailing in a confidential manner. Class counsel will accept the financial burden of either procedure ordered. Responsive communications sent by class members to class counsel will then contain the class members' contact information, and direct communications between counsel and those class members who voluntarily furnish their addresses can take place. This ensures (a) that the necessary communications are made in a confidential and expedited manner, (b) that class members' privacy is respected to the maximum extent possible, (c) that class counsel are able to fulfill their fiduciary, professional and ethical obligations to the members of the class and the proposed class, and (d) that all future communications can take place directly between counsel and clients without the involvement of the defendants. This makes practical sense, and is fully consistent with well-established precedent.

Respectfully submitted,

Antonio Ponvert III
David N. Rosen

cc: Jane Emons, Esq.