

RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

October 9, 2003   RECEIVED

Honorable Holly B. Fitzsimmons
United States Magistrate Judge
915 Lafayette Boulevard
Bridgeport, CT 06604

RE: **Allen v. Armstrong**, No. 3:02CV1370 (AHN)(HBF)

Dear Judge Fitzsimmons:

    We write in response to the letter of Antonio Ponvert, dated September 26, 2003, and addressing his request to communicate directly with female employees of the Department of Correction ("DOC").

    First, it is important to note that Mr. Ponvert's request does not seek to enforce or otherwise obtain any of the relief contemplated by the parties in the Stipulated Agreement submitted by the parties and approved by this court. The Stipulated Agreement expressly provides for the giving of notice to the limited class certified by mutual agreement, including the giving of copies of a summary of the agreement to all female DOC employees. That summary, which is Exhibit A to the Stipulated Agreement, includes the deadlines for pursuing stale claims, and includes, on the very first page, the names, addresses and telephone numbers of plaintiffs' counsel.

    Second, it is important to quickly distinguish the several cases cited by plaintiffs' counsel in support of their request. Virtually every case stands simply for the proposition that notice to class members is appropriate, indeed necessary, before final adjudication of the rights of the class. Here, the proposed communication seeks to advance other litigation goals of certain of plaintiffs' counsel; it is important to note that several of the individuals these attorneys seek to contact are already represented by separate counsel, raising once again the ethically questionable practice of competing for the clients of other attorneys. Given that the purpose of the proposed communication is not to further any of the notice requirements of F.R.C.P. 23, and indeed raises the likelihood of conflict among the several attorneys representing the plaintiffs, such an exercise is unsupported by any authority.

    Third, the claim by plaintiffs' counsel that alternative methods of distribution would "result in a widespread belief among the class members that the communication has been co-opted by the defendants" is absurd. The method of distribution proposed by the defendants is the

Honorable Holly B. Fitzsimmons
October 9, 2003
Page 2

same process followed in providing notice of certification of the injunctive relief class. Moreover, included in the purported class are two named defendants, the Commissioner's paralegal, a female deputy commissioner and countless other employees who are disinclined toward the theories and tactics of plaintiffs' counsel. Thus, the assumption that plaintiffs' counsel will suffer some harm from alternative disclosure methods ignores the natural consequences of their desire to send their proposed solicitation.

Finally, the confidentiality interests of the Department of Correction employees that are targeted by their solicitation are well-recognized. Conn. Gen. Stat. § 1-217(a)(3) prohibits disclosure of residential addresses of DOC employees, and the justification for this exemption from the Freedom of Information Act cannot be seriously disputed. The Commissioner has offered to read additional notices at roll call in all facilities, to publish the information in the agency newsletter and to make information provided by plaintiffs' counsel available at all DOC work sites. Anything more would require disclosure of residential addresses, which is an unnecessary intrusion into the protections afforded to DOC employees.

In sum, there are readily available alternatives to the proposal of plaintiffs' counsel that would accommodate all of the goals of both the plaintiffs and defendants. It is respectfully submitted that the order sought in plaintiffs' September 26, 2003 letter should be denied.

Very truly yours,

Jane B. Emons
Assistant Attorney General

Terrence M. O'Neill
Assistant Attorney General

JBE/TO'N/ni
cc: Antonio Ponvert, III, Esq.