```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                      :
MAUREEN ALLEN, ET AL.                 :
                                      :
                                      :
v.                                    :   CIV. NO. 3:02CV1370 (AHN)
                                      :
                                      :
JOHN J. ARMSTRONG, ET AL.             :
                                      :
                                      :
```

 RULING ON PLAINTIFFS' REQUEST TO COMMUNICATE WITH CLASS MEMBERS

    Plaintiffs' counsel submitted a letter brief dated September 26, 2003, concerning counsel's right to communicate with the members of the certified class and plaintiffs' request that the defendants assist counsel with such a communication so that the class members' privacy rights may be respected and confidentiality of their addresses may be maintained.

    Specifically, plaintiffs' lawyers seek direct communication with each member of the certified class in order

> (a) to advise her of her rights under the Stipulated Agreement, particularly her time-limited right under paragraph 32 of the Agreement to file an Affirmative Action Unit Complaint concerning past harassment and retaliation, (b) to advise her about her potential membership in the proposed class seeking money damages, (c) to learn about her individual facts and circumstances so as best to advise her about her legal rights and remedies, and (d) to communicate concerning other matters that are protected by the attorney-client relationship.

Pl. Let. at 1.  Plaintiffs' class counsel "is **not** requesting that the defendants furnish the addresses or other personal

identifying information of female Department employees." <u>Id.</u> at 3 (emphasis in original).  "However, class counsel **is** requesting that the defendants assist with the communication, either by directing the appropriate Department staff to place mailing labels on sealed certified mail envelopes provided by class counsel or by furnishing the class members' names and addresses to a third party, who will effectuate the certified mailing in a confidential manner.  Class counsel will accept the financial burden of either procedure ordered."  <u>Id.</u> at 3-4 (emphasis in original).

"The Commissioner has offered to read additional notices at roll call in all facilities, to publish the information in the agency newsletter and to make information provided by plaintiffs' counsel available at all DOC work sites."  Def. Let. at 2.

Plaintiffs rejected this offer, stating that

> [g]iven the sensitive, important, and privileged nature of this communication, it is essential that it come directly from class counsel; a published notice, the distribution of flyers by Department staff or some other public announcement made by agents of the defendants would compromise the privilege, would diminish the importance and sensitive nature of the communication, and would certainly result in a widespread belief among that class members that the communication has bee co-opted by the defendants, that it is not a meaningful communication, and that any response is neither confidential nor important.

Pl. Let. at 1-2.

Defendants raise several objections to plaintiffs' counsel's

request to communicate directly with female DOC employees. First, they argue that counsel's "request does not seek to enforce or otherwise obtain any of the relief contemplated by the parties in the Stipulated Agreement submitted by the parties and approved by this court." Def. Let. at 1. Second, defendants seek to distinguish plaintiff's cases cited in support of their request, arguing "[h]ere, the proposed communication seeks to advance other litigation goals of certain of plaintiffs' counsel; it is important to note that several of the individuals these attorneys seek to contact are already represented by separate counsel, raising once again the ethically questionable practice of competing for the clients of other attorneys . . . such an exercise is unsupported by any authority." Id. Third, "the claim by plaintiffs' counsel that alternative methods of distribution would 'result in widespread belief among the class members that the communication has been co-opted by the defendants' is absurd. The method of distribution proposed by the defendants is the same process followed in providing notice of certification of the injunctive relief class." Id. at 1-2.[1]

After careful consideration, the Court finds that defendants' offer "to read additional notices at roll call in all facilities, to publish the information in the agency newsletter

---

[1] Defendants also cite Conn. Gen. Stat. §1-217(a)(3), prohibiting disclosure of residential addresses of DOC employees. Def. Let. at 2. However, plaintiffs' counsel "is not requesting that the defendants furnish the addresses or other personal identifying information of female Department employees." Pl. Let. at 3.

3

and to make information provided by plaintiff's counsel available at all DOC work sites" is adequate for plaintiffs' counsel to make initial contact with the class. Def. Let. at 2. Thereafter, "[r]esponsive communications sent by class members to class counsel will then contain the class members' contact information, and direct communications between counsel and those class members who voluntarily furnish their addresses can take place." Pl. Let. at 4.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 8th day of September 2004.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE