UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MAUREEN ALLEN, ET AL.,               :        CIVIL NO. 3:02CV1370 (AHN)(HBF)

    v.                               :

JOHN J. ARMSTRONG, ET AL.,           :        NOVEMBER 11, 2005

### ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFFS' THIRD AMENDED COMPLAINT

The defendants[1] hereby file their answer and affirmative defenses to the plaintiff's Third

Amended Complaint.

#### Jurisdiction

1. Denied.

#### Venue

2. Denied.

Nature of the Lawsuit

3-5. Denied.

#### Parties

6. The allegation that each named plaintiff is or was an employee of the Department of

Correction is admitted. The remainder of the allegations are denied.

---

[1] This answer is filed on behalf of all defendants in their official capacities and all defendants in their individual capacities except for Neal Kearney, Richard Matos, Dennis Dockery and Glen Holloway.

7. The allegation that Mr. Armstrong was responsible for "ensuring that the Department is free from sexual harassment and discrimination" is denied. The remaining allegations of paragraph 7 are admitted.

8. The allegation that Messrs. Matos, Tokarz and Coyle were responsible for "ensuring that the Department is free from sexual harassment and discrimination" is denied. The remaining allegations of paragraph 8 are admitted.

9. The allegation that defendant Kruk was the Director of the Department of Correction's Affirmative Action Unit, and that defendants Jordan, Bivins and Civitello were employees assigned to that unit is admitted. The remaining allegations are denied.

10. Denied.

11. The allegation that defendants Myers, Murphy, Huckabey, Rodriguez, Wezner and Donahue were responsible for "ensuring that the Department is free from sexual harassment and discrimination" is denied. The remaining allegations of paragraph 11 are admitted.

12. Admitted.

13. The allegation that defendants Acosta, Mark Strange, David Strange, Jones, Gomez, Dzurenda, Gillis, Tarascio, Marcial and Levester were responsible for "ensuring that the Department is free from sexual harassment and discrimination" is denied. The remaining allegations of paragraph 13 are admitted.

14. Admitted.

15. The allegation that defendants Boyle, Dion, Murphy, Lorenzano, Agrinzone, Murdoch and Flodquist were responsible for "ensuring that the Department is free from sexual

harassment and discrimination" is denied. The remaining allegations of paragraph 15 are admitted.

16. Admitted.

17. The defendants admit that defendants Rose, Richard Matos, Neal Kearney, Michael Lajoie, Charles Lee and Thomas Coates were at all relevant times Majors at the Connecticut Department of Correction, and that their job duties included responsibility for administering, coordinating, supervising and controlling the operations of the facilities to which they were assigned. The remaining allegations of the paragraph are denied.

18. Admitted.

19. The defendants admit that defendants Deslauriers, Valade, Alderucci, Corey, Kelley, Lane, Mangiafico, Frey, Maldonado and Aubertin were at all relevant times Captains at the Connecticut Department of Correction, and that their job duties included responsibility for administering, coordinating, supervising and controlling the operations of the facilities to which they were assigned. The remaining allegations of the paragraph are denied.

20. Admitted.

21. Denied.

22. The plaintiffs are left to their proof.

23. Admitted.

### Class Action Allegations

24-29. Denied.

3

## Facts

### The Representative Plaintiffs

30-31.  Admitted.

32-36.  The plaintiff is left to her proof.

37-38.  Denied.

39.  The defendants admit that plaintiff Allen wrote an incident report, dated January 23, 1999, and gave it to Lt. David Cleveland.  The remaining allegations are denied.

40.  Denied.

41.  Admitted.

42.  Denied.

43.  Admitted.

44.  The defendants deny that plaintiff Allen "was forced to continue to work in close proximity to her harasser.  The remaining allegations of paragraph 44 are admitted.

45.  The defendants admit that plaintiff Allen was investigated for misconduct.  The remaining allegations of the paragraph are denied.

46.-47.  The plaintiff is left to her proof regarding her conversations with Cordula.

48.  Denied.

49.-50.  The defendants admit that the investigation into plaintiff Allen's allegations was withdrawn and the matter closed.  The remaining allegations of these paragraphs are denied.

51.  Admitted.

52.    The defendants admit that Burney has returned to work at the Department of Correction, assigned to the same facility and shift as plaintiff Allen.  The remaining allegations of the paragraph are denied.

53.-58.  Denied.

59.  The plaintiff is left to her proof.

60.  Denied.

61.  Admitted.

62.  Admitted.

63.  The plaintiff is left to her proof.

64.  The plaintiff is left to her proof.

65.-68.  The plaintiff is left to her proof.

69.  The defendants admit that MacDougall-Walker is a level 4 correctional facility.  As to the remaining allegations, the plaintiff is left to her proof.

70.-73.  The plaintiff is left to her proof.

74.  Admitted.

75.-76.   The plaintiff is left to her proof.

77.-84.  Admitted.

85.  The defendants admit that Dockery was never referred by the defendants for criminal investigation or prosecution.  The remaining allegations are denied.

86.  The defendants admit that Captain Frey recommended reporting defendant Dockery to the military authorities.  The remaining allegations of the paragraph are denied.

87. The defendants admit that Dockery was found guilty of unprofessional conduct and suspended for five days. The remaining allegations of the paragraph are denied.

88. The defendants admit that this passage is a quote from Mr. Civitello's report.

89. Defendants admit that plaintiff Williams complained of working with defendant Dockery and that Captain Maldonado assisted in posting her outside of the facility. The remaining allegations of the paragraph are denied.

90. The defendants admit that plaintiff Williams filed an Incident Report on or about December 18, 2001 regarding her perceived inability to work the same shift as defendant Dockery, and that copies of the Report were sent to defendants Brian Murphy, Peter Matos, Donald Kruk and Vicki Arpin. The remaining allegations of the paragraph are denied.

91. The defendants admit that Dockery was transferred from MacDougall-Walker on or about January 4, 2002. The remaining allegations of the paragraph are denied.

92.-94. Denied.

95.-96. The plaintiff is left to her proof.

97. Denied.

98. Admitted.

99.-102. Denied.

103. Admitted.

104. Admitted.

105. The defendants admit that plaintiff Stanley was assigned as a Disciplinary Report Investigator at Corrigan-Radgowski beginning in December 2001. The remaining allegations are denied.

106.-107. Denied.

108.-109. The plaintiff is left to her proof.

110.-112. Denied.

113.-115. The plaintiff is left to her proof.

116.-120. Denied.

121. The defendants admit that plaintiff Stanley was found to be unqualified to be a Disciplinary Report Investigator. The remaining allegations are denied.

122. The plaintiff is left to her proof.

123. The plaintiff is left to her proof.

124.-128. Denied.

129. Inasmuch as the quoted language is taken out of context, the paragraph is denied.

130. Admitted.

131. The defendants admit that plaintiff Stanley was interviewed by Captain Bazin of the Security Division. The remaining allegations of the paragraph are denied.

132. Denied.

133. Once again, the quoted language is taken out of context, and therefore the paragraph is denied.

134. Denied.

135. Denied.

136. The plaintiff is left to her proof.

137. The defendants admit that Defendant Jordan contacted plaintiff Stanley and took a statement. The remaining allegations are denied.

7

138.  Admitted.

139.  Denied.

140.  The defendants admit that defendant Kruk forwarded Jordan's report to defendant Coyle on or about July 18, 2002.  The remaining allegations of the paragraph are denied.

141.  Denied.

142.  Admitted.

143.  Denied.

144.  The defendants admit that plaintiff Stanley complained to defendants Armstrong and Wezner regarding interference with radio transmissions.  The remaining allegations are denied.

145.  Admitted.

146.  The allegation that Ms. Stanley has complained of sexual harassment or "serious misconduct" warranting punishment for any one individual is denied.

147.  Denied.

148.  Admitted.

149.  Admitted.

150.  Admitted.

151.-154.  Denied.

155.  The defendants admit that plaintiff Gawron testified at a hearing before the Labor and Public Employees Committee on July 10, 2002.  The remaining allegations of the paragraph are denied.

156.-157.  Denied.

158.-160. The plaintiff is left to her proof.

161.-162. Denied.

163. The defendants admit that plaintiff Hawkins testified at a hearing before the Labor and Public Employees Committee on July 10, 2002. The remaining allegations of the paragraph are denied.

164.-165. The plaintiff is left to her proof.

166. The defendants admit that plaintiff Hawkins filed an incident report regarding lewd writing in a bathroom. The remaining allegations are denied.

167.-168. Denied.

169. The defendants admit that defendant Rose gave plaintiff Hawkins a direct order to provide information central to the investigation of her complaint and that she refused to do so. The remaining allegations of the paragraph are denied.

170. Admitted.

171.-174. The defendants admit that they have been unable to identify the individual who wrote lewd comments on the bathroom wall. The remaining allegations of these paragraphs are denied.

175. Admitted.

176. Admitted.

177. Admitted.

178.-180. The plaintiff is left to her proof.

181. Denied.

182. Admitted.

183. Denied.

184. The defendants admit that Captain Kelley removed the plaintiff from her perimeter post and that she was ordered not to be posted in the blocks or on the perimeter. The remaining allegations of the paragraph are denied.

185. Denied.

186. Admitted.

187. Admitted.

188. Admitted.

189. Admitted.

190.-195. Denied.

196. The plaintiff is left to her proof.

197. The defendants admit that defendant Murdoch has never been disciplined for any of the allegations described in this complaint. The remainder of the paragraph is denied.

198. Denied.

199. Admitted.

200. Admitted.

201.-207. Denied.

208.-211. The plaintiff is left to her proof.

212. Denied.

213. The defendants admit that the Affirmative Action Unit conducted an investigation into plaintiff Godwin's claims, and concluded that the allegations did not fall within the

jurisdiction of that unit and should be referred to the Human Resources Unit for further investigation. The remaining allegations are denied.

214. The defendants admit that defendant Noon has not been disciplined. The remaining allegations of the paragraph are denied.

215.-216. Denied.

217. The plaintiff is left to her proof.

218.-219. Denied.

220. Admitted.

221. Denied.

222. The allegation that the plaintiff's shift was changed is admitted. The remaining allegations are denied.

223. The allegation that plaintiff Godwin's grievance was denied at Step One is admitted. The remaining allegations are denied.

224. The allegation that plaintiff Godwin's grievance was denied at Step Two is admitted. The remaining allegations are denied.

225. The plaintiff is left to her proof.

226. Admitted.

227.-228. Admitted.

229. The defendants admit that, on or about July 12, 2002, defendant Jordan contacted plaintiff Godwin regarding her complaint. The remaining allegations are denied.

230. Denied.

231. Admitted.

232. Admitted.

233. Admitted.

234. Admitted.

235. The plaintiff is left to her proof.

236. The plaintiff is left to her proof.

237. The defendants admit that defendant Holloway's conduct was offensive. As to the remaining allegations, the plaintiff is left to her proof.

238. The plaintiff is left to her proof.

239. The plaintiff is left to her proof.

240. The plaintiff is left to her proof.

241. The defendants admit that defendant Holloway's conduct was investigated by the Security Division and that the matter did not meet the legal definition of "sexual harassment."

242. The defendants admit that Holloway was not disciplined for "lying" or of "obstructing an investigation."

243. The plaintiff is left to her proof.

244. The defendants admit that they did not refer the matter for a criminal investigation. The remaining allegations of the paragraph are denied.

245. Denied.

246. Denied.

247. Admitted.

248. Admitted.

249. Admitted.

250.-251. Denied.

252. Admitted.

253.-254. Denied.

255. The plaintiff is left to her proof.

256. The plaintiff is left to her proof.

257.-259. Denied.

260. Admitted.

261. The allegation that defendant Valade was a direct supervisory of plaintiff Osten, by virtue of their ranks alone, is admitted. As to the remaining allegations of the paragraph, the plaintiff is left to her proof.

262.-264. Denied.

265. The defendants admit that defendant Murdoch saw no problems with Osten's evaluations. The remaining allegations of the paragraph are denied.

266. Denied.

267. The defendants admit that plaintiff Osten submitted incident reports dated September 15, 2002 and September 25, 2002. The remaining allegations are denied.

268.-270. Denied.

271. Admitted.

272. Admitted.

273.-276. Denied.

277.-278. Admitted.

279. Denied.

280. Denied.

281. Admitted.

282. The defendants deny that defendant officer Coleman "assaulted" the plaintiff. The remaining allegations are admitted.

283.-293. Denied.

294. Admitted.

295. Admitted.

296.-299. Denied.

300. Admitted.

301. The defendants admit that Joe Doe One was not disciplined. As to the remaining allegations, the plaintiff is left to her proof..

302. Denied.

303. Joe Doe One never sexually assaulted Jane Doe One.

304. Denied.

305. Denied.

306. Denied.

307. The plaintiff is left to her proof.

308. The allegations that Jane Doe One's allegations were not investigated, and that she was threatened with discipline for an improper reason, are denied.. The remaining allegations are admitted.

309. The plaintiff is left to her proof.

310. Denied.

311. Admitted.

312. Admitted.

313.   The defendants admit that Jane Doe Two was assigned to Osborn CI.   The remaining allegations are denied.

314.-320.  The plaintiff is left to her proof.

321. Denied.

322. Admitted.

323. Admitted.

324.-346.  The plaintiff is left to her proof.

347. Denied.

348. The plaintiff is left to her proof.

349. Admitted.

350-55. Denied.

356. Admitted.

357. Denied.

358. The plaintiff is left to her proof.

359.  The defendants deny that any such complaints were made to defendant Corey.  As to the remaining allegations, the plaintiff is left to her proof.

360. Admitted.

361. Admitted.

362. The plaintiff is left to her proof.

363. The plaintiff is left to her proof.

364. Denied.

365. Denied.

366. The plaintiff is left to her proof.

367. The plaintiff is left to her proof.

368. The plaintiff is left to her proof.

369. The plaintiff is left to her proof.

370. The plaintiff is left to her proof.

371. The defendants admit that, on or about May 15, 2000, plaintiff Fuller-Lynch was taken by ambulance to a hospital for treatment. As to the remaining allegations, the plaintiff is left to her proof.

372. Denied.

373. The plaintiff is left to her proof.

374. The plaintiff is left to her proof.

375. Denied.

376. The defendants admit that defendant Lead Warden Murphy contacted plaintiff Fuller-Lynch and referred her to the Affirmative Action Unit to address her concerns. The remaining allegations are denied.

377. The defendants admit that plaintiff Fuller-Lynch met with defendant Jordan to make a formal complaint. The remaining allegations of the paragraph are denied.

378. Admitted.

379.-382. Denied.

383. The plaintiff is left to her proof.

384.-385.  Denied.

386.  Admitted.

387.-388.  Denied.

389.-390.  Denied.  The report, in its entirety, speaks for itself.

391.  Denied.

392.  Denied.

**Other Representative Incidents of Sexual Harassment at the
Department of Correction**

393.-400.  Denied.

401.-402.  Admitted.

403.    The allegation that the newsletter was "widely circulated among Department employees" and that the defendants have "conducted no meaningful investigation of the newsletter" are denied.  The remaining allegations are admitted.

404.-408.  Denied.

**The Affirmative Action Unit and the Human Resources unit, With the Knowledge
and Consent of the Defendants, Intentionally Failed and Refused to Prevent or Punish
Sexual Harassment at the Department**

409.  Admitted.

410.  Denied.

411.  Admitted.

412.-419.  Denied.

420.  Admitted.

421.-428.  Denied.

**The Defendants Intentionally Failed and Refused to Prevent or Punish Sexual Harassment at the Department**

429. The paragraph is denied in the precise terms alleged. The directive speaks for itself.

430. Denied.

431. Admitted.

432. Denied.

433. Admitted.

434. Denied.

435. Admitted.

436. Denied.

437. Admitted.

438. Denied.

439. Admitted.

440. Denied.

441. Admitted.

442. Denied.

443. The plaintiffs are left to their proof..

444. Admitted.

445. The defendants admit that defendant Armstrong admitted he lacks the final authority to dismiss employees who are found to have committed misconduct. All such dismissals are subject to review in accordance with state statutes and the the several collective bargaining agreements that govern the Department of Correction's relationships with its employees.

446. Admitted.

447.-450. Denied.

451. Denied.

452. The defendants admit that Wendy Moher brought suit accusing Richard Matos of sexual harassment, and that her action was settled. The remaining allegations of the paragraph are denied.

453. Denied.

454. Admitted.

455. The defendants admit that Ms. Moher left the Department. The remaining allegations are denied.

456. Denied.

457. The plaintiff is left to her proof.

458. Denied.

459. The plaintiff is left to her proof.

460.-461. Denied.

**Retaliation And Intimidation**

462.-468. Denied.

**Sexual Harassment at the Department was Pervasive**

469. Denied.

470. The quote from defendant Armstrong is taken out of context, and therefore, the paragraph is denied.

471.-472. Denied.

473. Admitted.

474.-478. Denied.

## Sexual Harassment at the Highest Levels

479.-485. Admitted.

486. The defendants admit that the State of Connecticut settled an action brought by Ms. Houser. The remaining allegations are denied.

The Code of Silence and the Coverup

487.-489. Admitted.

490.-499. Denied.

## First Claim For Relief

500. The defendants incorporate herein their answers to paragraphs 1 through 499 as if fully set forth herein.

501.-502. Denied.

## Second Claim For Relief.

503. The defendants incorporate herein their answers to paragraphs 1 through 502 as if fully set forth herein.

504.-508. Denied.

## Third Claim For Relief

509. The defendants incorporate herein their answers to paragraphs 1 through 508 as if fully set forth herein.

510.-514. Denied.

**Fourth Claim For Relief**

515. The defendants incorporate herein their answers to paragraphs 1 through 514 as if fully set forth herein.

516.-521. Denied.

**Fifth Claim For Relief**

522. The defendants incorporate herein their answers to paragraphs 1 through 521 as if fully set forth herein.

523.-527. Denied.

**Sixth Claim For Relief**

528. The defendants incorporate herein their answers to paragraphs 1 through 527 as if fully set forth herein.

529.-533. Denied.

**Seventh Claim For Relief**

534. The defendants incorporate herein their answers to paragraphs 1 through 533 as if fully set forth herein.

535. Admitted.

536. Denied.

537. The plaintiffs are left to their proof.

538.-539. Denied.

540. The defendants admit that plaintiff Danielle Locas filed a complaint with the CHRO and EEOC a Complaint/Affidavit of Illegal Discriminatory Practice, alleging that she had been

discriminated against in the terms and conditions of her own employment at the Department of Correction, in violation of Title VII, and that those complaints were assigned the case numbers as set forth in this paragraph. The remaining allegations are denied.

541. The defendants admit that, on March 17, 2003, the CHRO issued a Release of Jurisdiction containing the language quoted in this paragraph. The remaining allegations of the paragraph are denied.

542. Admitted.

**Eighth Claim For Relief**

543. The defendants incorporate herein their answers to paragraphs 1 through 542 as if fully set forth herein.

544.-545. Denied.

**Ninth Claim For Relief**

546. The defendants incorporate herein their answers to paragraphs 1 through 545 as if fully set forth herein.

547.-550. Denied.

**Tenth Claim For Relief**

This count was dismissed by the court on September 10, 2004.

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff's complaint fails to state a claim upon which relief can be granted and should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

The individual defendants are entitled to qualified immunity since, at all relevant times, their actions comported with those of objectively reasonable state officials and they did not knowingly violate any of the plaintiffs' clearly established constitutional rights. Alternatively, the rights alleged by the plaintiffs' to have been violated were not clearly established at the time of the events giving rise to this action.

**THIRD AFFIRMATIVE DEFENSE**

The claims are barred by the Eleventh Amendment and the doctrine of sovereign immunity.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiffs have failed to mitigate their damages.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiffs have failed to exhaust their administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

At all relevant times, the State of Connecticut Department of Correction, its officers and employees, exercised reasonable care to avoid sexual harassment in the workplace, and to eliminate and address it when it occurred, by (a) disseminating a policy that prohibited sexual harassment in the workplace; (b) providing training on sexual harassment issues; (c) prohibiting retaliation against persons who made complaints or acted as witnesses on behalf of persons who

23

believed themselves to have been victims of sexual harassment; (d) posting notices at all worksites informing employees of internal and external complaint procedures for addressing sexual harassment; and (e) providing a complaint procedure that allowed employees to address concerns about sexual harassment outside of their chain of command and/or without the knowledge of their immediate supervisors. The plaintiffs failed to act with reasonable care to avail themselves of these safeguards and otherwise to prevent harm that could have been avoided.

**SEVENTH AFFIRMATIVE DEFENSE**

Certain of the plaintiffs claims are barred by statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims for injunctive relief are moot.

DEFENDANTS:
JOHN J. ARMSTRONG, ET AL.,


RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:

Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct10835
E-Mail:  terrence.oneill@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 14th day

of November 2005:

        Antonio Ponvert III, Esq.
        Koskoff, Koskoff & Bieder
        350 Fairfield Ave.
        Bridgeport, CT 06604

        David N. Rosen, Esq.
        Rosen & Dolan
        400 Orange Street
        New Haven, CT 06511

                                  Terrence M. O'Neill
                                    Assistant Attorney General