FILED

2006 JAN -4  A 11: 56

UNITED STATES DISTRICT COURT, DISTRICT COURT
DISTRICT OF CONNECTICUT

MAUREEN ALLEN, ET AL           :        CIVIL NO. 3:02CV1370
                                        (AHN)

            v.                 :

JOHN J. ARMSTRONG, ET AL       :        JANUARY 4, 2006

## PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 37, and pursuant to

the discovery dispute procedures agreed to by the parties and approved by the Court at the

December 15, 2005 discovery conference, the plaintiffs hereby move (a) to compel production

of the sexual harassment training videotapes, (b) to compel the production of documents, and

(c) to compel the defendants to provide deposition dates in response to the plaintiffs' request

for same.

The Court ordered the defendants to produce the videotapes in an April 5, 2004 Ruling

on Plaintiffs' Motion to Compel. *See* Ruling at 2 ¶ 4. The plaintiffs have made countless

requests for the videotapes over the course of the last 20 months. The defendants have ignored

the Court's Order and the plaintiffs' requests.

By email dated December 21, 2005, the plaintiff proposed deposition dates to the

defendants. *See* email attached hereto (proposing February 3, 7, 8, 9, 10). On December 22,

Assistant Attorney General Terry O'Neill emailed plaintiffs' counsel, stating "[w]e will have to

discuss your dates further within our office to see if we can cover some of those dates." *See* email attached hereto. There has been no response from the defendants since.

Also by the December 21 email, the plaintiffs asked the defendants to "please let us know when the production will be done, because that has some relevance to who we can meaningfully depose during this first round." *See id.* There has been no response from the defendants since.

Pursuant to the discovery dispute resolution procedure agreed to by the parties, the plaintiffs notified the defendants on December 22, 2005, that, if the videotapes were not produced and if the defendants did not respond concerning the depositions by December 28, the plaintiffs would move to compel. December 28 came and went with no production, no response and no explanation from the defendants. As a courtesy, the plaintiffs gave the defendants another week to comply. They failed.

The plaintiffs ask this Court to (a) compel the production of the videotapes, (b) compel the defendants to complete the full document production no later than January 25 (to allow the plaintiffs time to review the documents prior to the commencement of depositions) and (c) compel the defendants to make Carl Jordan and Joe Civitello available for deposition on February 3 and 7, and to provide to the plaintiffs a list of 12-15 other defendants who are available for deposition on February 8, 9 and 10.

The plaintiffs also ask this Court, pursuant to Fed. R. Civ. P. 37(b)(2) and Local Civil Rule 37(a)(4), to sanction the defendants for their failure over the course of the last 20 months

to comply with that portion of the Court's April 5, 2004 Ruling on Plaintiffs' Motion to Compel that compelled the production of the videotapes. In lieu of, or in addition to, an order treating the defendants' failure as a contempt of court, the plaintiffs ask the Court to require the defendants, pursuant to Rule 37(b)(2), to pay the plaintiffs' reasonable attorneys' fees caused by their failure. The plaintiffs request fees in the amount of $350, which is the current hourly rate of plaintiffs' counsel Antonio Ponvert III. This request underestimates the time devoted by plaintiffs' counsel to this discrete discovery matter.

Respectfully submitted,

THE PLAINTIFF

By_____
    Antonio Ponvert III, Esquire
    Koskoff, Koskoff & Bieder, P.C.
    350 Fairfield Avenue, 5th Floor
    Bridgeport, CT  06604
    Tel. (203) 336-4421
    Juris No. 32250

3

# Antonio Ponvert

**From:** Antonio Ponvert [aponvert@koskoff.com]

**Sent:** Wednesday, December 21, 2005 6:38 PM

**To:** 'Emons, Jane B.'; 'Chapple, Margaret Q.'; 'ONeill, Terrence M.'; 'sdjesq@snet.net'; 'angelicapapastavros@msn.com'

**Cc:** 'David Rosen'

**Subject:** Allen -- depo dates

Dear Jane, et al.,

The plaintiffs propose the following initial dates for depositions.  We will send a follow-up list in a few days.  We would like to take Jordan and Civitello among those first few, but they do not need to be the very first.

Please let us know when the production will be done, because that has some relevance to who we can meaningfully depose during this first round.

In addition to Jordan and Civitello (assuming they are available then), please send us a list of those other defendants who are available during these dates, and we can then work together to fill the slots.  In some cases, we may be able to depose more than one defendant per day, so a list of 12-15 witnesses would be helpful.

February 3, 7, 8, 9 10.

Steven and Angelica, I am assuming (perhaps wrongly) that you will not attend each and every deposition.  Kindly work with the other defense counsel to pick dates and deponents that work for your schedules.

Thanks,

Antonio Ponvert III
Koskoff, Koskoff & Bieder, PC
203-336-4421 x402
203-368-3244 fax
www.koskoff.com

1/3/2006

## Antonio Ponvert

**From:**     Antonio Ponvert [aponvert@koskoff.com]

**Sent:**     Thursday, December 22, 2005 10:19 AM

**To:**         'ONeill, Terrence M.'

**Cc:**         'Chapple, Margaret Q.'; 'Emons, Jane B.'; 'David Rosen'

**Subject:** RE: Allen

I look forward to hearing from you.

Pursuant to the parties' agreement at the last conference concerning resolution of ongoing discovery disputes (see Peggy and Jane for details), please produce the videotapes no later than Wednesday of next week. If we do not receive them by that time, we will make a motion.

Similarly, please respond concerning the proposed deposition dates, and the witnesses to be produced, by Wednesday of next week. Again, if we do not hear from you by then, we will make a motion.

Thanks, and Happy Holidays.

Antonio

---

**From:** ONeill, Terrence M. [mailto:Terrence.ONeill@po.state.ct.us]
**Sent:** Thursday, December 22, 2005 10:04 AM
**To:** aponvert@koskoff.com; Chapple, Margaret Q.; Emons, Jane B.
**Cc:** David Rosen; Gloria_Urbano@ctd.uscourts.gov
**Subject:** RE: Allen

Dear Antonio,

January 26th to meet with Judge Garfinkel is fine with us. On the depo dates, Jane is on trial and I am involved in an audit process in another action during that time period. We will have to discuss your dates further within our office to see if we can cover some of those dates.

---

**From:** Antonio Ponvert [mailto:aponvert@koskoff.com]
**Sent:** Wednesday, December 21, 2005 5:12 PM
**To:** Chapple, Margaret Q.; Emons, Jane B.; ONeill, Terrence M.
**Cc:** 'David Rosen'; Gloria_Urbano@ctd.uscourts.gov
**Subject:** Allen

Dear Peggy, Jane and Terry,

Judge Garfinkel has sua sponte ordered the parties to re-convene for settlement talks. I just received a call from Gloria who asked me to notify the parties that he would like to see us on January 26 for an all-day mediation beginning at 10 a.m.

I had something planned for that date, but will clear my calendar. David is out of the State and had a deposition on his calendar for that date, but his secretary just notified opposing counsel that it will need to be taken off.

1/3/2006

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this

4th day of January, 2006, to all counsel and pro se of record:


Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105

Angelica N. Papastavros
129 Church Street Suite 507
New Haven, CT  06510

Dennis Dockery
Enfield Correctional Institution
289 Shaker Road
Enfield, CT  06082

Neal Kearney, Major
MacDougall Walker C.I.
1153 East Street South
Suffield, CT  06078

Peggy Chapple
Jane Emons
Assistant Attorney General
55 Elm Street
Hartford, CT  06141

Stephen Jacobs
Jacobs and Jacobs
71 Catlin Street
Meriden, CT  06450


_____
Antonio Ponvert III